Henry BAUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 405–87.

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 1989.

---

**584**

Walter C. Prentice (on appeal only), Austin, for appellant.

Charles B. Lance, Dist. Atty., Cameron (Gerald M. Brown, Temple, of counsel), Robert Huttash, State's Atty., Austin, for the State.

Before McCORMICK, P.J., and W.C. DAVIS and BERCHELMANN, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury of the offense of arson. V.T.C.A., Penal Code § 28.02(a).[1] The trial court imposed a probated sentence of ten years. The Austin Court of Appeals affirmed appellant's conviction in a published opinion. *Baugh v. State*, 725 S.W.2d 450 (Tex.App.—Austin, 1987). The lower court held that a reasonable jury could have concluded appellant was responsible for the fire, therefore the evidence was sufficient to support Henry Baugh's conviction for arson.

Appellant asserts that the Court of Appeals erred in holding the evidence sufficient to prove the guilt of appellant of arson as alleged in the indictment. We agree with appellant and will reverse the judgment of the Court of Appeals. A brief recitation of the pertinent facts is necessary.

On August 3, 1984, at approximately 11:00 p.m., appellant's home in rural Milam County was completely destroyed by fire. The home was insured by Member's Insurance Company in Dallas. Through his insurance, appellant received $65,000 for loss of the dwelling and $3,500 as an additional living expense while rebuilding the home and $2,500 for unscheduled personal property lost in the fire.

There were no witnesses to the ignition of the fire. The evidence presented at trial as to the ignition of the fire was circumstantial. There was conflicting expert testimony whether the fire was of incendiary origin. The evidence linking appellant to the act of setting the fire was wholly circumstantial.

The direct evidence of the fire's incendiary origin came from the State's chief witness, Charles Ray Killingsworth, Deputy State Fire Marshall. In Killingsworth's professional opinion, the cause of the fire was incendiary, that is, arson by using a flammable liquid. Killingsworth based this opinion on the spaulding marks left on the concrete of the front porch and steps. He explained that "spaulding marks is a term used to describe what a flammable liquid does to concrete slabs such as a patio or steps." Once it has been applied and even set for a few seconds, "a certain amount of the liquid penetrates into the pores of the concrete and then once fire gets to it, it heats so rapidly that it actually blows this top layer of concrete away leaving the open concrete or raw concrete under the finished surface."

The chief expert witness for the defense had a different opinion from Killingsworth. William Coltharp, President of Coltharp Engineering Associates, testified that in his professional opinion, the fire was of undetermined origin, probably accidental. He explained that there was not enough evidence to determine the exact cause of the fire. He disagreed with Killingsworth as to the spaulding marks. As a result of his testing, Coltharp believed that the spaulding marks were not caused by pouring gasoline on the porch steps. He explained that gasoline was stored on the back porch and became involved in the fire.

The evidence regarding appellant's involvement in the fire was wholly circum-

---

1. Appellant's wife, Lynn Baugh, was also tried and convicted of arson together with appellant. The Austin Court of appeals found the evidence insufficient to support her conviction. The court reversed and acquitted Lynn Baugh. Our opinion today only concerns appellant's conviction and does not disturb the Court of Appeals disposition of Lynn Baugh's conviction.

stantial. The evening of the fire, Mrs. Baugh and her children were at a fashion show and stopped to eat on their way home. They arrived at approximately 11:00 p.m. when the home was engulfed in flames. Appellant was asleep in a trailer approximately one half mile from the home. Appellant explained he frequently slept in the trailer because it was air conditioned and the house was not.

Appellant asserts that the Court of Appeals erred in finding the evidence sufficient to prove his guilt. We agree.

The standard used in reviewing the sufficiency of the evidence is viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983) (op. on reh.)

In *Carlsen,* supra, this Court stated:

Still, we are unable to devise or discover any reason, compelling or otherwise, for abandoning the utilitarian 'exclusion of outstanding reasonable hypotheses' analysis for applying the above 'standard for review' in circumstantial evidence cases. By the nature of circumstantial evidence, in order to determine it rationally establishes guilt beyond a reasonable doubt, a process of elimination must be used ... [I]n actually assessing the evidence, no method other than a process of eliminating the guilt of others under the evidence could be fashioned to effectively conclude the evidence rationally established [the appellant's] guilt beyond a reasonable doubt. (citations omitted) Stated in the converse, *if the evidence supports an inference other that the guilt of the appellant, a finding of guilty beyond a reasonable doubt is not a rational finding.* (emphasis added) *Id.* at 449.

A case with strikingly similar facts to the instant case is *O'Keefe v. State,* 687 S.W.2d 345 (Tex.Cr.App.1985). In the O'Keefe case, this Court reversed two arson convictions finding the evidence insufficient to support the conviction. There, the expert testimony was conflicting as to the use of

gasoline as an accelerant. Other expert testimony showed the cause of the fire was either due to a natural gas leak or a cigarette igniting papers and spreading to a plastic container of gasoline that had been left in the house.

We found in *O'Keefe,* supra, the State did not negate every reasonable hypothesis as to the cause of the fire. We stated that "[t]he mere fact that it was appellant's residence and he was seen leaving the scene shortly before the fire was discovered is not sufficient to show that he set the fire." *Id.,* 687 S.W.2d at 349.

In the instant case, there is likewise conflicting testimony as to whether the fire was of incendiary origin. Killingsworth opined that the fire was of incendiary origin and appeared to be intentionally set with the use of an accelerant. Coltharp, however, opined that there was not enough evidence present at the scene to make a specific determination as to the cause of the fire. He believed the fire to be accidental.

Moreover, in following the analysis set out in *O'Keefe,* supra, incriminating evidence of other types is also lacking. There is no direct evidence that appellant intentionally set the fire, such as an extrajudicial confession. *Adrian v. State,* 587 S.W.2d 733 (Tex.Cr.App.1979). There were no witnesses to the actual ignition of the fire, or witnesses as to appellant's presence at the scene. See *Burrow v. State,* 481 S.W.2d 895 (Tex.Cr.App.1972). Instead, we have testimony that appellant was asleep in a trailer, possibly on medication, approximately half a mile from the blaze.

There is also insufficient circumstantial evidence linking appellant to the fire. Appellant had not made any verbal threats to set a fire nor had his appearance indicated connection with a fire. Compare *Burrow,* supra. (Evidence showed that the defendant was seen leaving the scene of the fire shortly after it had been set; after the fire the defendant was seen with singed hair and eyebrows; and prior to the fire defendant had threatened to either blow the house up or burn it down.) There were no suspicious circumstances showing a recent

increase in insurance coverage. Compare *Miller v. State,* 566 S.W.2d 614 (Tex.Cr. App.1978). (Evidence showed an insurance policy had been renewed and coverage increased some two months prior to the fire.) There was also not any suspicious paraphenalia present at the scene. Compare *Smith v. State,* 450 S.W.2d 92 (Tex.Cr.App. 1970). (Defendant was found lying on the floor in the house along with a burned candle and matches; a gas heater was turned on but not lighted; old clothes and paper had been soaked in a substance smelling like kerosene; and an insurance policy covering house and contents was found lying on a table in the living room.)

The evidence adduced at trial linking appellant to the fire is tenuous. The evidence shows appellant had removed some but not all his furniture prior to the fire, for the purpose of refinishing the furniture. There was evidence appellant was either awake or asleep in a trailer approximately one half mile from the home at the time of the blaze. Appellant explained he frequently slept in the trailer because it was air conditioned and the home was not. Some evidence was introduced that a flammable liquid was used as an accelerant. Appellant explained that he was using gasoline to refinish some furniture and had it stored in a glass bottle on the porch.

Under the analysis applied in *O'Keefe,* supra, we hold that the evidence adduced by the State did not negate every reasonable hypothesis as to the cause of the fire. The evidence circumstantially supports the inference that the fire started as a result of accident rather than arson. The evidence is thus insufficient to support appellant's conviction. We must not only reverse appellant's conviction, but must direct the trial court to enter a judgment of acquittal in this cause.[2] *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The judgments of the Court of Appeals and the trial court are reversed and this cause is remanded to the trial court with

orders for that court to enter a judgment of acquittal.

McCORMICK, P.J., and BERCHELMANN, J., dissent.

---

**2.** The author of this opinion dissented without written opinion to the majority opinion in

*O'Keefe,* supra; however, I am bound by the majority opinion of my brethren.