Rex HENRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–446–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 6, 1990.

Rehearing Overruled Oct. 11, 1990.

Robert L. Busselman, Kenedy, for appellant.

Steven G. Paulsgrove, County Atty., Goliad, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of harassment of hunters. The trial court assessed punishment at 30 days in the county jail and a fine of $250. The jail term was probated.

By three points of error, appellant contends respectively that the trial court erred by not dismissing the case, by failing to grant a new trial, and by failing to grant an instructed verdict, all for lack of evidence.

The record shows that hunters were repeatedly harassed by a person on adjacent property who would drive alongside the deer lease, make noise, and do other things to interfere with the hunters. Evidence was introduced to show that these disrupting events occurred only during deer hunting season. They occurred just before sunrise or late in the afternoon, times of the day considered prime for deer hunting.

Joining all three points of error under one argument, appellant contends that the evidence failed to identify appellant as the person who harassed the hunters, failed to show that the harassment was intentional, and failed to show that the pickup was driven on land where the hunting was in process.

■ In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Baugh v. State,* 776 S.W.2d 583, 585 (Tex.Crim.App.1989); *Moreno v.* *State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988); *Castillo v. State,* 739 S.W.2d 280, 287 (Tex.Crim.App.1987).

■ The complaining witness, Jack LeBato, identified appellant as the person who drove a pickup truck on the property adjacent to the deer lease on the morning alleged in the information. According to LeBato, appellant repeatedly slammed the truck's door and drove down the fence line near the deer blind. According to LeBato, appellant engaged in this activity early on Saturdays during the deer season, but did not honk and drive down the road on the occasions LeBato was there outside the deer season.

J.C. Mullenix testified that he had met with appellant about the problem in the past. Appellant said that he had raised the deer as pets and that no one should hunt deer on the adjacent property. Appellant said he would not stop driving up and down the fence during prime hunting season. Other witnesses testified about similar incidents involving appellant.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found that appellant was the person who harassed LeBato. The eyewitness testimony of LeBato is sufficient to establish identity. Appellant's pattern of conduct and statements made to Mullenix sufficiently show appellant's intent.

■ The only remaining question is whether the evidence must show that appellant was on property where hunting was in process. Tex. Parks & Wildlife Code Ann. § 62.0125(c) (Vernon Supp.1990) provides that no person may intentionally interfere with another person lawfully engaged in the process of hunting. There is no requirement in the statute that the person must be on the same property as the hunters.

All of appellant's points of error are overruled. The judgment of the trial court is AFFIRMED.