Jorge Alberto **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–90–228–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1991.

---

Dorina Ramos, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of possessing between 200 and 2,000 pounds of marihuana. The trial court assessed punishment at ten years in prison. We affirm.

In his sole point of error, appellant contends that the evidence is insufficient to support the conviction. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Baugh v. State*, 776 S.W.2d 583, 585 (Tex. Crim.App.1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988); *Castillo v. State*, 739 S.W.2d 280, 287 (Tex.Crim.App.1987). Direct and circumstantial evidence are equally probative for proving guilt beyond a reasonable doubt. *Hankins v. State*, 646 S.W.2d 191, 199 (Tex.Crim.App.1983). In a circumstantial evidence case, the evidence is sufficient if it raises no reasonable hypotheses other than the defendant's guilt. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex.Crim.App.1987); *Ramos v. State*, 767 S.W.2d 248, 249 (Tex.App.—Corpus Christi 1989, pet. ref'd). In reviewing the evidence, the appellate court compares the evidence to the State's theory of the offense as set forth in the charge. *Arceneaux v. State*, 803 S.W.2d 267, 270–71 (Tex. Crim.App.1990).

The State's theory of the offense was that appellant was guilty as a party because he aided or attempted to aid Jesus Bazan and/or Noe Chavarria and/or Billy Joe Reynolds and/or Rogelio Barron and/or Omar Martinez in possessing marihuana 1) by driving a Suburban containing marihuana into a farm, or 2) by transferring marihuana from a Suburban to a semi-trailer.

Appellant contends that the evidence fails to prove that he aided or attempted to aid others in possessing marihuana in the two alternative ways alleged above. He also contends that the evidence fails to prove that he knew the substance in question was marihuana.

Officer Antonio Gonzalez received some information on the morning of January 12, 1990, from a reliable confidential informant concerning a certain truck. The information prompted Gonzalez to locate the truck and watch it throughout the day. After dark, he followed it to a farm. The truck turned off its lights as it went into the farm's driveway. Gonzalez then went to a field where he could observe events occurring at the farm. Officer Bob Davis stationed himself where he could see the farm's driveway. Several other officers waited in the general area.

Gonzalez testified that from the neighboring field he could see a semi-trailer at the farm. A Suburban pulled up next to this semi-trailer, and three or four men removed packages from the Suburban and handed them to a person in the trailer. After the Suburban was unloaded, it pulled away, and a Ford LTD pulled alongside the trailer. Three or four people removed packages from its trunk and handed them to a person in the trailer. After this, the truck which Gonzalez had been following pulled alongside the trailer. Packages from it were loaded into the semi-trailer. A pickup truck then entered the farm. The Ford LTD and the Suburban went down the driveway toward the highway with their lights turned off. The pickup truck remained there four minutes and then departed quickly. At this point, Gonzalez ordered area officers to raid the farm and

to stop the vehicles which had left. Police arrested two persons in the Ford LTD, appellant in the Suburban, and four persons (Jesus Bazan, Noe Chavarria, Rogelio Barron, and Omar Martinez) at the farm. Police discovered 690 pounds of marihuana in the trailer.

Officer Gonzalez testified that he could not identify who unloaded or who drove the vehicles. All the activity occurred in the dark, and Gonzalez could only distinguish figures. He testified that he had seen two vehicles drive onto the farm while he was getting in position but could not identify them. The first time he saw the Suburban was when it pulled next to the semi-trailer.

Sergeant Bob Davis testified that his duty had been to watch the entrance to the farm. He saw two vehicles enter and two vehicles exit the farm. He could not identify what vehicles entered. He saw a Ford and a Suburban leave.

Officer Jose Guzman testified that he saw the Suburban turn on its lights as it came out of the farm. He stopped it and arrested appellant, the sole occupant. Appellant told Guzman that he was from Honduras, had only been in the country for three days, had just gotten lost, and was merely driving around. Guzman testified that the Suburban emitted a strong odor of marihuana. Appellant also had an odor of marihuana on his person. Marihuana debris was found in the Suburban, which was registered to a McAllen couple.

The relevant facts, viewed most favorably to the verdict, show that:

1) Officer Gonzalez saw packages being removed from three vehicles, including the Suburban, and placed in a semi-trailer, which contained 690 pounds of marihuana;

2) Appellant drove the Suburban off the farm;

3) Appellant smelled of marihuana;

4) The Suburban smelled strongly of marihuana;

5) Appellant turned on his lights only after coming onto the highway;

6) Appellant said that he had been driving around and had gotten lost; and

7) Whatever activity appellant participated in at the farm was done in darkness.

■ The first issue is whether this evidence is sufficient to support a jury finding that appellant had driven a Suburban containing marihuana onto the farm. We find that it is. Appellant, by stating that he had been driving around and had gotten lost, supplied evidence from which the jury could have found that appellant had possession of the Suburban and drove it to the farm. The marihuana debris left in the Suburban, appellant's odor, the odor in the Suburban, and Officer Gonzalez' observations of men unloading packages from the Suburban and placing them in the semi-trailer is evidence that the Suburban contained marihuana when it entered the farm. Accordingly, we find sufficient evidence to support the State's theory that appellant drove a Suburban containing marihuana onto the farm. Since the evidence supports this theory, we need not address whether the evidence is sufficient to show that appellant aided in transferring the marihuana from the Suburban to the semi-trailer, as proof of either allegation is sufficient to support the verdict. *See Aguirre v. State,* 732 S.W.2d 320, 325–26 (Tex.Crim.App. 1982).

■ The next issue is whether the evidence is sufficient to show that appellant knew the character of the substance possessed. We find evidence of this element in appellant's conduct. Appellant was on the farm, in darkness, while the Suburban was being unloaded. He kept his lights off until he pulled onto the highway. Appellant told Officer Davis that he had "just gotten lost," a story which conflicted with Officer Gonzalez' observations. In addition, both the appellant and his vehicle smelled of marihuana. Together these circumstances provide sufficient evidence to support a conclusion that appellant knew he and others possessed marihuana. We find that the evidence is sufficient to support the conviction. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.