Leticia Latigo **GRANADOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–560–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 10, 1992.

Sam Fugate, Fugate & Hitchens, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, Ricardo Oscar Carrillo, Asst. Dist. Atty., Kingsville, for appellee.

Before SEERDEN, KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant, Leticia Latigo Granados, guilty of aggravated possession of marihuana. The court assessed punishment at ten years' confinement, probated, and a $10,000 fine. By two points of error, appellant complains of the State's failure to prove proper venue and insufficiency of the evidence to support a conviction. We affirm.

By her first point of error, appellant alleges that the trial court erred in denying appellant's motion for acquittal because the State failed to prove proper venue in Kleberg County. She contends that she did not consent to being tried in Kleberg County and that the State failed to establish proper venue because it did not prove Kleberg County is adjacent to and in the same judicial district as Kenedy County.

■ "An offense of possession ... of marihuana may be prosecuted in the county where the offense was committed or with the consent of the defendant in a county that is adjacent to and in the same judicial district as the county where the offense was committed." Tex.Code Crim. Proc.Ann. art. 13.22 (Vernon Supp.1992). The indictment alleged that appellant committed the offense in Kenedy County. The State proved that the offense occurred in Kenedy County. However, the case was tried in Kleberg County. The issue presented is whether or not appellant consented to be tried in Kleberg County. We hold that she did.

"Consent" means assent in fact, whether express or apparent. Tex.Penal Code Ann. § 1.07(a)(9) (Vernon 1974). Following voir dire examination and the swearing in of the jury, appellant and the State announced that they were ready for the case to proceed. By announcing "ready" we conclude that appellant consented to the case being tried in Kleberg County.

■ Appellant further contends that the State did not prove venue because it failed to prove that the county of prosecution is adjacent to and located in the same judicial district as the county where the offense

occurred. The Rules of Criminal Evidence state that a court may take judicial notice at any stage of the proceeding, Tex.R.Crim. Evid. 201(c), whether requested or not. Tex.R.Crim.Evid. 201(f). An appellate court may take judicial notice for the first time on appeal. *City of Dallas v. Moreau*, 718 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *see Leyva v. State*, 552 S.W.2d 158, 163 (Tex.Crim.App. 1977) (judicial notice taken by Court of Criminal Appeals that El Paso County is located in Texas); *Garcia v. State*, 819 S.W.2d 634, 636 (Tex.App. Corpus Christi 1991, no pet.) (judicial notice taken sua sponte by appellate court that Goliad County is in Texas). As a general rule courts will take judicial notice of facts generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination. Tex.R.Crim.Evid. 201; *see Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App.1983). We take judicial notice that Kleberg County is adjacent to and in the same judicial district as Kenedy County. We overrule appellant's point of error one.

█ Appellant's second point of error complains of the evidence being insufficient to warrant her conviction. This is a circumstantial evidence case. When reviewing the sufficiency of the evidence, we must view the entire body of evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); *Garcia v. State*, 840 S.W.2d 957 (Tex.Crim.App.1992); *Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App. 1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The *Jackson* stan-

dard applies to both direct and circumstantial evidence cases. *Garcia*, 840 S.W.2d at 958; *Herndon v. State*, 787 S.W.2d 408, 409 (Tex.Crim.App.1990) (en banc); *Butler*, 769 S.W.2d at 238. However, in circumstantial evidence cases we also utilize the reasonable hypothesis construct to assist us in applying the *Jackson* standard of review.[1] *See Herndon*, 787 S.W.2d at 409; *Butler*, 769 S.W.2d at 238 n. 1; *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App. 1983). Under the "reasonable hypothesis" analysis, the evidence is sufficient if it raises no reasonable hypotheses other than the defendant's guilt. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Rodriguez v. State* 815 S.W.2d 833, 834 (Tex.App.—Corpus Christi 1991, no pet.); *Ramos v. State*, 767 S.W.2d 248, 249 (Tex.App.—Corpus Christi 1989, pet. ref'd).

United States Border Patrol Agent Trevino testified that on March 8, 1991, at approximately 11:45 P.M. appellant drove up to the Sarita Border Patrol Check Point located in Kenedy County. The three passengers with appellant were her children. Trevino testified that, upon questioning, appellant appeared very nervous. Appellant avoided direct eye contact, her voice was shaky and she gripped the steering wheel tightly. Appellant told Trevino she was test-driving the vehicle and did not own it.[2]

Trevino testified that he noticed that the bolt holding up the gas tank was shiny and had been freshly scratched, as had the gas tank. He testified that the scratches and shiny bolt suggested to him that the gas tank had been removed recently for the purpose of storing contraband. Trevino

1. This case was tried before the Court of Criminal Appeals delivered its decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). *Geesa* abrogates the use of the "reasonable hypothesis analytical construct" and holds that circumstantial cases are to be analyzed solely under the standard of review enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* at 163. Because *Geesa* applies prospectively and is not controlling in the present case, we utilize the reasonable hy-

pothesis analytical construct. *Geesa*, 820 S.W.2d at 165.

2. Evidence established that the vehicle was registered to Lionel Iguana Cierra of Lomastadt, Florida. At trial the parties stipulated that an unsuccessful attempt had been made to locate Cierra and his wife to have them subpoenaed to testify.

asked to search the truck. Appellant consented.

Trevino and a second agent testified that they removed the gas tank. Inside the tank they found ten ammo cans containing sixty-one pounds of marihuana. The agents testified that the containers took up at least three-quarters of the space inside the 25 to 30 gallon gas tank, the only tank on the truck. Gasoline surrounded the ammo cans. The agents opined that the marihuana had been in the cans for not more than a day because it was fresh and green and no mold was found on it.

Appellant avowed that she had no knowledge of the marihuana. She testified that she first saw the truck and met Mr. Cierra, the owner of the truck, in a grocery store parking lot in San Benito on Wednesday, March 7th. A "For Sale" sign appeared in the window of the truck. Appellant testified that she discussed buying the truck with the owner. Cierra took appellant's phone number and called her the following day. Appellant told Cierra she planned to travel to Houston that weekend to see her brother. Appellant testified that Cierra offered to let her test drive the truck for her trip and that she accepted.

Appellant testified that Cierra brought the truck to her home in Brownsville around 8:00 P.M. on March 8th. He suggested that appellant stop often for gas because the gas gauge did not work. Cierra told appellant his brother would contact her in Houston and check the truck there. Cierra then gave her the keys to the truck and left. Appellant testified that she knew nothing about Cierra except that he had recently moved from Florida, had to sell the truck because he could not find a job and was living on a farm road in San Benito.

Appellant testified that she checked the oil before leaving Brownsville. No one else inspected the truck. No one else from her family saw the truck or knew she was going to Houston for the weekend. Appellant left her home in Brownsville at approximately 10:30 or 11:00 P.M. and, traveling

sixty-five miles an hour, arrived at the check point approximately an hour and thirty minutes later. Appellant further testified she put no gas in the truck between Brownsville and the check point.

■ To support a conviction for possession of marihuana the evidence must affirmatively link the accused to the marihuana by a showing which indicates accused's knowledge and control of the contraband.[3] *Marsh v. State*, 684 S.W.2d 676, 679 (Tex. Crim.App.1984); *Garza Gonzalez v. State*, 783 S.W.2d 774, 777 (Tex.App.—Corpus Christi 1990, no pet.); *see Herndon*, 787 S.W.2d at 409; *Zertuche v. State*, 774 S.W.2d 697, 700 (Tex.App.—Corpus Christi 1989, pet. ref'd). Specifically, the State must prove two elements: 1) that the accused exercised care, control, custody or management over the contraband, and 2) that the accused knew the matter possessed was marihuana. *Herndon*, 787 S.W.2d at 409–10; *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987); *Garza Gonzalez*, 783 S.W.2d at 777; *Zertuche*, 774 S.W.2d at 700.

■ The first issue is whether this evidence is sufficient to support a jury finding that appellant exercised actual care, control, custody or management over the contraband. We find that it is. Appellant was the driver of the truck when marihuana was found in its gas tank. A rational trier of fact could have found from this direct evidence that appellant possessed the marihuana.

The next issue is whether the evidence is sufficient to show that appellant knew the character of the substance possessed. We find that it is. In this case, appellant was driving to Houston for the weekend in a truck which she claimed belonged to someone she had met the day before and had no way of contacting. She told no one she was going to Houston. No inspection was done on the truck other than appellant checking the oil. The agents testified that the marijuana was fresh and green and not moldy indicating that it had been in the gas

---

**3.** The Health and Safety Code defines "possession" as "actual care, custody, control or management." Health & Safety Code Ann. § 481.-002(38) (Vernon 1992).

tank for less than a day. The agents stated that appellant appeared very nervous, avoided direct eye contact, had a shaky voice and was gripping the steering wheel tightly. *See Payne v. State*, 480 S.W.2d 732, 734 (Tex.Crim.App.1972) (defendant's actions toward police, an affirmative link). A rational trier of fact could have found from this evidence appellant knowingly possessed marihuana.

Generally, the jury is the exclusive judge of a witness' credibility and the weight given to the testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Mora v. State*, 797 S.W.2d 209, 213 (Tex.App.—Corpus Christi 1990, pet. ref'd). If a rational fact-finder could conclude that an outstanding hypothesis is not reasonable under the facts of the case, an appellate court may not second-guess the finding at trial. *See Williams v. State*, 784 S.W.2d 428, 430 (Tex.Crim.App.1990).

Viewing all evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that appellant knew of the existence of the marihuana and exercised care, control, custody or management over it which affirmatively linked appellant to the marihuana. Appellant's second point is overruled.

The trial court's judgment is affirmed.