**Opinion filed July 30, 2009**



In The

# Eleventh Court of Appeals

———

## No. 11-08-00011-CR

———

## SONYA RENE JACKSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 16451-B**

### M E M O R A N D U M   O P I N I O N

Sonya Rene Jackson appeals her conviction by a jury of the offense of delivery of less than one gram of a controlled substance, cocaine, in a drug-free zone. The trial court, after finding evidence of a prior conviction to be true, assessed her punishment at eight years in the Texas Department of Criminal Justice, Institutional Division. In a single point on appeal, Jackson contends that she was afforded ineffective assistance of counsel because her counsel failed to object to certain evidence offered for the purpose of showing that the sale in question occurred within 1,000 feet of a prohibited facility. We affirm.

In order to prevail on her claim of ineffective assistance of counsel, an appellant must first show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 832 (Tex. Crim. App. 2002). An appellant must prove, by a

preponderance of the evidence, that her counsel's representation fell below the objective standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Second, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id*.

Our review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 832. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Id*. Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id*.

David Gray, with the special operations division of the Abilene Police Department, testified that the distance between the location of the transaction involved in this case, 617 North Eighth Street in Abilene, and a school, Woodson Early Childhood Center, located on North Ninth is 617 feet. He identified a map he had created using a GPS-type system that Abilene uses for basically all measurements within the city, and he had found the GPS system to be correct. He confirmed that he had measured the distance from the location of the sale to the school with the use of the GPS system. The map was admitted into evidence without objection. Officer Gray also testified that the school was one city block from the location where the drug transaction took place. When Jackson's counsel challenged him with the assertion that a city block is normally just 300 feet, Officer Gray countered, "Well, that might be an extra long block."

Jackson contends that her counsel was ineffective for not making objections to the map or cross-examining Officer Gray as to the GPS system's reliability or its maintenance schedule, as to how the system was used, as to how one becomes proficient enough with the system to be able to allow others to rely on its output, and as to Officer Gray's qualifications as to operation of the system or mapmaking. At a hearing on the motion for new trial, Jackson's trial counsel was not asked why he had not objected to the map or why he had not extensively questioned Officer Gray regarding the use of the GPS system. He did testify that there had been a measurement done with a roller measurer that was evidence at trial showing that the distance was less than a 1,000 feet. While counsel might

have incorrectly recalled the trial testimony as to how the measurement was made, one could reasonably infer from his questioning of Officer Gray that counsel did not strongly contest the admission of Officer Gray's testimony as to the distance because of his belief that the distance of only one block from the site of the drug transaction to the school was less than 1,000 feet. There is nothing in the record to indicate that counsel's belief is incorrect.

This court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b). We may do so, whether requested or not, and may do so for the first time on appeal. TEX. R. EVID. 201(c); *Granados v. State*, 843 S.W.2d 736, 738 (Tex. App.—Corpus Christi 1992, no pet.). We take judicial notice that the Woodson Early Childhood Learning Center is located at 520 North Ninth Street in Abilene. According to the testimony at trial, the drug transaction took place at 617 North Eighth Street in Abilene. We take judicial notice that the distance between 520 North Ninth Street in Abilene and 617 North Eighth Street in Abilene is .16 miles. Rule 201(b). Finally, we take judicial notice that .16 miles is 844.8 feet. (.16 x 5280 feet, number of feet in a mile) Consequently, we take judicial notice that the distance between the Woodson Early Childhood Center and the location of the drug transaction in question is less than 1,000 feet.

Given that Jackson's attorney correctly assumed that the distance from the site of the drug transaction to the Woodson Early Childhood Center was less than 1,000 feet and given the lack of any showing that the distance is greater than 1,000 feet, we hold that trial counsel's performance was not defective. We also hold that there is no showing that, even if it were defective, there is a reasonable possibility that, were it not for the error, the result of the proceeding would have been different. We overrule Jackson's sole point of error.

The judgment is affirmed.

PER CURIAM

July 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.