9,813-15

This document contains some pages that are of poor quality at the time of imaging.

Mr. Alan Wade Johnson
Reg. No. 09541-079
U.S.P. Atlanta, A1-Unit
P.O. Box 150160
Atlanta, GA  30315-0160
April 24, 2015

CERTIFIED MAIL # 7012 3050 0002 0410 1282

Clerk of the Court
Texas Court of Criminal Appeals
P. O. Box 12308
Austin, TX  78711-2308

Re:  Ex Parte Alan Wade Johnson
     Case Numbers:  C-213-010418-0100-776-D
                    C-213-010419-0105-292-D
                    C-213-010420-0105-293-C

Dear Clerk of Court:

    Enclosed is the original and one copy of REQUEST TO TAKE JUDICIAL NOTICE in each case listed above.  These cases are before the Court now from Tarrant County, Texas.  Please file and bring to the Court's attention at your earliest convenience.

    I am unable to provide 11-copies of these pleadings.  Please do not punish me for being unable to do so.

    Please let me thank you for your time and effort in this matter.

                              Sincerely,

                              ALAN WADE JOHNSON

Enclosures

cc: File

MOTION DENIED
DATE: 4-30-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 28 2015

Abel Acosta, Clerk

Page 1 of 1

## IN THE
## TEXAS COURT OF CRIMINAL APPEALS

Ex parte

    ALAN WADE JOHNSON

§
§
§
§
§
§
§
§
§
§
§
§
§

WRIT No._____

Case No. <u>C-213-010419-0105-292-D</u>
           213th District Court
           Tarrant County, TX

## <u>REQUEST TO TAKE JUDICIAL NOTICE</u>

**TO THE HONORABLE JUSTICES OF SAID COURT:**

**NOW COMES,** ALAN WADE JOHNSON, Applicant, Pro-se in the above styled and numbered case, that is now before this Court, moves pursuant to Rule 201(a)(d)(e)(f), Texas Rules of Evidence, and Texas Rules of Civil Procedure his REQUEST TO TAKE JUDICIAL NOTICE of the following adjudicative facts:

### I.

This is Applicant's 2nd REQUEST TO TAKE JUDICIAL NOTICE. His first request was in the 213th Judicial District Court on April 17, 2015. Same date case was sent to this Court. **It was <u>not</u> ruled on.**

**NOTE:** The State's <u>only defense</u> to Applicant's allegations was he was on parole in Case Numbers 5476, 6879 and 6880; which is in total disregard for the law in effect in 1975.

### II.
### <u>JUDICIAL NOTICE REQUEST</u>

Page 1 of 4

**A).** That Texas Civil Statute Ann. Article 6184L (Vernon) (repealed 1977) governed <u>good time</u> as a commutation of sentences between 1970 and 1976.

**1).** This particular statute's provisions regulated earned good time credits, that reduced the time remaining to be served on a sentence by percentage of the number of days actually served with good behavior.

**2).** This particular statute applied to the Applicant in Case Numbers 5476, 6879 and 6880, because these offenses occurred in 1975.

**B).** Applicant Alan Wade Johnson, then TDC No. 255182, was a State Approved Trusty IIIC, while serving these stated judgements from Tarrant County, Texas, and with straight time (**day for day**), along with earned good time credits, he fully served and discharged his 50-year sentence/judgements in June 1996.

**C).** Applicant serving a LIFE sentence in Case Number 61331, was paroled October 8, 2012. State of Texas **added** Case Numbers 5476, 6879 and 6880 to his Parole Certificate in Case Number 61331 (**See Parole Certificate attached to 11.07 Habeas Application**), that imposed LIFE parole conditions in Case Numbers 5476, 6879 and 6880(Tarrant County, TX).

**D).** State of Texas breached the plea agreement by imposing punitive disabilities <u>after</u> Applicant fully served and discharged his sentences and judgements in Case Number 5476, 6879 and 6880.

**E).** Applicant's plea(s) in case Numbers 5476, 6879 and 6880 from Tarrant County, Texas, were altered/modified by the State of Texas increasing sentence from 50-years to LIFE and imposing punitive direct consequences (**See Parole Certificate attached to 11.07 Habeas Application**).

**F).** Applicant Motion To Name Him By Pseudonym was <u>not</u> ruled on by the 213th Judicial District Court, when evidence presented with Motion illustrated the serious risk of injury or death to the Applicant, if denied.

The **FACTS** that are the subject of this REQUEST FOR **JUDICIAL NOTICE**, namely **(A)** Texas Civil Statute Ann. Article 6184L (Vernon 1970)(Repealed 1977) governed good time as commutation of sentences; **(B)** Applicant fully served and discharged his sentences and judgements from Case Numbers 5476, 6879 and 6880 from Tarrant County, TX, in June 1996, under the provisions of the statute enumerated under "A;" **(C)** Applicant was serving a LIFE sentence in Case Number 61331, when he was paroled October 8, 2012, State of Texas **added** Case Numbers 5476, 6879 and 6880 to his Parole Certificate in Case Number 61331; **(D)** State of Texas breached plea agreement by imposing punitive disabilities **after** he had already fully served and discharged his sentences; **(E)** State of Texas alerted/modified sentence and judgements in Case Numbers 5476, 6879 and 6880 by increasing his fully served 50-year sentences to LIFE and imposing punitive direct consequences; and, **(F)** Motion to name him by pseudonym was <u>not</u> ruled upon and evidence illustrated serious risk of injury and/or death to Applicant, if denied.

These **FACTS** are <u>not</u> subject to dispute in that it is Texas Law generally known within the jurisdiction of this Court, and can accurately and readily be determined by the records of the Court, Texas Department of Criminal Justice, Classification and

Records Division and Official Records and Publication pursuant to Rule 902 Self-Authentication...all of whose accuracy cannot reasonably be questioned.

The Texas Court of Criminal Appeals may take Judicial Notice for the first time. <u>GRANADOS V. STATE</u>, 843 S.W.2d 736, 738 (TEX. APP. - CORPUS CHRISTI 1992, no pet.).

**CONCLUSIONS**

This Motion is based on this paper, on the **NOTICE** of Motion, on the Certificate of Service of this Motion, on all papers and records on file in this action, and on whatever evidence and argument may be heard at a hearing, if deemed necessary. A hearing with Applicant may be done via Video Conference or Appointment of Counsel.

DATE: April 24, 2015.

Respectfully submitted,

ALAN WADE JOHNSON, Applicant
Pro-se, Reg. No. 09541-079
U.S.P. Atlanta, A1-Unit
P.O. Box 150160
Atlanta, GA 30315-0160

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing pleading above was forwarded to the District Attorney of Tarrant County, Texas, by placing the same in a sealed and postage pre-paid envelope addressed to 401 West Belknap, Fort Worth, TX 76196-0201, by depositing same at the prison mail room on this 24th, day of April 2015.

ALAN WADE JOHNSON, APPLICANT