NUMBER 13-06-040-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAYMOND CANCHOLA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 117th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, Raymond Canchola, was indicted for possession of an immediate
precursor, with the intent to manufacture methamphetamine (count one), see Tex. Health
& Safety Code Ann. § 481.124(a)(2) (Vernon Supp. 2005 ), and for possession of less than
one gram of methamphetamine (count two), see Tex. Health & Safety Code Ann. §
481.102(6) (Vernon Supp. 2005), § 481.115(a), (b) (Vernon 2003). Appellant pleaded not
guilty. A jury found appellant guilty of both offenses and sentenced him to fourteen years'
imprisonment for count one, and two years' imprisonment for count two. On appeal,
appellant contends the evidence is legally and factually insufficient to support his
convictions. We reverse the trial court's judgment and render a judgment of acquittal as to
count one, and affirm the judgment of the trial court as it relates to count two. 

I. Factual Background

On April 22, 2005, appellant was stopped by a Corpus Christi Police Officer for not
having motor vehicle registration and inspection stickers on the car he was driving. 
Appellant did not produce a driver's licence or proof of insurance. The officer gave
appellant a citation and impounded the vehicle. When conducting an inventory of the items
in the vehicle, officers found what they believed to be the components of a meth lab. (1) 
Officers then froze the scene and called the Special Services Division of the Narcotics Unit
of the Corpus Christi Police Department to take over. Special Services found a substance
in one of the components that tested positive for a substance that was "three quarters of
the way" to becoming methamphetamine. Appellant was subsequently charged with
possession of an immediate precursor, with the intent to manufacture methamphetamine
and for possession of less than one gram of methamphetamine. 

II. Standard of Review

When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003). This standard is applicable in both direct and circumstantial evidence cases. 
Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986). We are not fact
finders; our role is that of a due process safeguard, ensuring only the rationality of the trier
of fact's finding of the essential elements of the offense beyond a reasonable doubt. See
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In a factual-sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight of the evidence. 
Coleman v. State, 131 S.W.3d 303, 307 (Tex. App.-Corpus Christi 2004, pet. ref'd). A
clearly wrong and unjust verdict occurs where the jury's finding "shocks the conscience" or
"clearly demonstrates bias." Santellan v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App.
1997). We are authorized to disagree with the fact finder's verdict even if there is probative
evidence that exists that supports the verdict. Id. at 164. 

 In a criminal conviction, sufficiency of the evidence is determined by the elements
of the crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). The correct charge would be one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the State's burden
of proof or unnecessarily restrict the State's theories of liability, and adequately describes
the particular offense for which the defendant was tried. Id. 

III. Offenses

A. Count I

In count one, appellant was convicted for possession of an immediate precursor, to
wit: ethyl ether, with the intent to manufacture methamphetamine. See Tex. Health &
Safety Code Ann. § 481.124(a)(2). The elements of the offense are that (1) a person (2)
with the intent to unlawfully manufacture a controlled substance (3) possesses or transports
(4) an immediate precursor. See id. 

On appeal, appellant argues that the evidence is legally and factually insufficient to
support the jury's finding that he was in knowing possession, custody or control of an
immediate precursor, with the intent to manufacture methamphetamine. The State
concedes error requiring the conviction for count one be reversed and a judgment of
acquittal be entered thereon. 

The State points out that ethyl ether is not designated as an immediate precursor by
the Director of the Texas Department of Public Safety. See Tex. Health & Safety Code
Ann. § 481.002(11) (Vernon Supp. 2005) (defining "director" to be the "director of the
Department of Public Safety or an employee of the department designated by the director"). 
The State refers us to section 481.002(22) of the health and safety code which provides:

"Immediate precursor" means a substance the director finds to be and by rule
designates as being: 


(A) a principal compound commonly used or produced primarily for use in the
manufacture of a controlled substance; 


(B) a substance that is an immediate chemical intermediary used or likely to
be used in the manufacture of a controlled substance; and 


(C) a substance the control of which is necessary to prevent, curtail, or limit
the manufacture of a controlled substance. 


Tex. Health & Safety Code Ann. § 481.002(22) (Vernon Supp. 2005). The State
acknowledges that "ethyl ether is not designated as an immediate precursor on the list
promulgated by the director, nor were any of the substances on that list tied to ethyl ether
in the evidence presented at trial." See 37 Tex. Admin. Code § 13.116 (2006) (Immediate
Precursor List). Accordingly, the State agrees that appellant's conviction for count one
should be reversed and acquittal entered thereon. We agree. Therefore, we will sustain
appellant's issues as they relate to count one, reverse appellant's conviction for possession
of ethyl ether as an immediate precursor, with the intent to manufacture methamphetamine
and render a judgment of acquittal as to count one. 

B. Count 2

 In count two, appellant was convicted of possession of methamphetamine. See Tex.
Health & Safety Code Ann. §§ 481.102(6), 481.115(a), (b). A person commits an offense
if he knowingly or intentionally possesses methamphetamine in the amount of less than one
gram. See id. §§ 481.102(6), 481.115(a), (b). To support a conviction for possession of less than one gram of methamphetamine,
the State must prove two evidentiary requirements: first, the accused exercised control,
management, or care over the substance; and second, that he had knowledge that the
matter possessed was contraband. Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim.
App. 2005) (citing Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); Martin v.
State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988)). 

 When a defendant is not in exclusive possession of the place where the controlled
substance is found, the State must prove additional independent facts and circumstances
that affirmatively link the defendant to the contraband in such a way that it can be concluded
that the defendant had knowledge of the contraband and exercised control over it. 
Poindexter, 153 S.W.3d at 406; Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
Affirmative links may be proved with circumstantial evidence, but if the proof only amounts
to "a strong suspicion or even a probability," it will not suffice. Jenkins v. State, 76 S.W.3d
709, 712 (Tex. App.-Corpus Christi 2002, pet. ref'd). Affirmative links are established when
the evidence, direct or indirect, establishes "that the accused's connection with the drug was
more than just fortuitous." Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Evidence that affirmatively links a defendant to contraband suffices for proof that the
defendant possessed it knowingly and exercised care, control, and management over it. 
See Brown, 911 S.W.2d at 747; see also Jenkins, 76 S.W.3d at 712. 

 Courts have identified a number of factors that may help to show an affirmative link
to controlled substances. See, e.g., Poindexter, 153 S.W.3d at 406; Jenkins, 76 S.W.3d
at 712-13; Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.-Corpus Christi 2002, no pet.);
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). The
following is a non-exclusive list of factors that have been found to affirmatively link a
defendant to contraband: (1) whether the contraband was in plain view or recovered from
an enclosed place; (2) the accused was the owner of the premises or had the right to
possess the place where the contraband was found, or the owner or driver of the
automobile in which the contraband was found; (3) the accused was found with a large
amount of cash; (4) the contraband was conveniently accessible to the accused, or found
on the same side of the vehicle as the accused was sitting; (5) the contraband was found
in close proximity to the accused; (6) a strong residual odor of the contraband was present;

(7) the accused possessed other contraband when arrested; (8) paraphernalia to use the
contraband was in view, or found on the accused; (9) the physical condition of the accused
indicated recent consumption of the contraband in question; (10) conduct by the accused
indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused
made furtive gestures; (13) the accused had a special connection to the contraband; (14)
the occupants of the premises gave conflicting statements about relevant matters; (15) the
accused made incriminating statements connecting himself to the contraband; (16) the
quantity of the contraband; and (17) the accused was observed in a suspicious area under
suspicious circumstances. See Poindexter, 153 S.W.3d at 406; Jenkins, 76 S.W.3d at 712-13; Lassaint, 79 S.W.3d at 740; Gilbert, 874 S.W.2d at 298. It is not the number of factors
present that is important, but, rather, the "logical force" that they create to prove that the
defendant knowingly possessed the controlled substance. Jenkins, 76 S.W.3d at 713
(citations omitted). The defendant's actions toward the contraband or the police may be
considered an affirmative link. Payne v. State, 480 S.W.2d 732, 734 (Tex. Crim. App.
1972); Granados v. State, 843 S.W.2d 736, 740 (Tex. App.-Corpus Christi 1992, no pet.). 

 Appellant asserts that the evidence affirmatively linking him to the methamphetamine
is legally and factually insufficient to support his conviction because he did not exercise
actual care, control, and management over the methamphetamine. 

 In the light most favorable to the verdict, the record shows the following affirmative
links between appellant and the methamphetamine: appellant was the driver of the vehicle
in which the contraband was found; appellant appeared uneasy beyond the officer's usual
experience when stopping people; some syringes, coffee filters, tubing, and spoons were
found in a brown suitcase with a carrying strap; a coffee filter containing a brown powder
substance tested positive for methamphetamine; a coffee filter containing red residue also
tested positive for methamphetamine; appellant's sister connected appellant to the bag in
which the methamphetamine was found (2); when told the vehicle was going to be impounded,
appellant blurted out two or three times, "she's not involved;" appellant told Officer Beach
that he was a meth user and had bought $100 of methamphetamine from Doug James the
previous evening; appellant stated he "sort of" knew what was in the containers or in the
canister; and appellant also told Officer Beach that there were syringes under the driver's
seat. Based on these facts, a rational trier of fact could have found beyond a reasonable
doubt that appellant possessed methamphetamine. Accordingly, we hold that the evidence
is legally sufficient to support appellant's conviction for possession. 

 Appellant also contends that the evidence is factually insufficient to establish an
affirmative link between him and the methamphetamine recovered from inside the vehicle. 
In support of his argument, appellant argues that the following affirmative links are not
present in this case: (1) appellant was not the owner of the vehicle, he was only test-driving
it; (2) the methamphetamine was found in a closed bag in the trunk of the vehicle; (3)
appellant did not have convenient access to the methamphetamine; (4) appellant was not
under the influence of drugs when arrested; (5) appellant did not possess other contraband;
(6) appellant did not make incriminating statements; (7) appellant did not attempt to flee;
(8) appellant did not make furtive gestures; (9) there was no odor of drugs in or around the
vehicle; (10) the amount of drugs found was insignificant-it was not "finished"
methamphetamine; (11) appellant did not possess weapons; (12) no traces of
methamphetamine were found other than in the bag that did not belong to appellant; (13)
no money was found on appellant's person; (14) appellant did not give inconsistent
statements about where he was going; and (15) appellant was not stopped in a suspicious
location. 

 Although appellant points out that specific affirmative links were not present, we note
that it is not the number of affirmative links that matter, but the "logical force" they
collectively create. See Jenkins, 76 S.W.3d at 713; see also Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). In weighing the factors that
establish affirmative links, each case is decided on its own facts. State v. Derrow, 981
S.W.2d 776, 779 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). A factor that is of little or
no value in one case may be the turning point for another case. See Nhem v. State, 129
S.W.3d 696, 699 (Tex. App.-Houston [1st Dist.] 2004, no pet.). It is the sole province of the
jurors to resolve inconsistencies in testimony and draw reasonable inferences based on the
evidence before them. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en
banc) (citing Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). We conclude
that it was reasonable for the jury to find that appellant knew of the methamphetamine in
the car and exercised control, management, or care over it. We conclude that the verdict
is not so against the great weight and preponderance of the evidence as to be manifestly
unjust, and that proof of guilt is not so weak as to undermine confidence in the jury's
determination. Appellant's issues as related to count two are overruled.

 We reverse the trial court's judgment and render a judgment of acquittal as to count
one, and affirm the judgment of the trial court as it relates to count two. 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 17th day of August, 2006.
1. Officers found funnels, tubing, oxygen masks, heavy-duty chemical safety gloves, and plastic
containers with unknown liquid. 
2. Specifically, appellant's sister testified that appellant placed a duffel bag into the vehicle. She
testified that she did not know whether the bag was black or blue, but then stated that "[i]t was like the brown
one," referring to State's exhibit #2 which was the bag in which the meth-filled filter was found.