**Tony PETERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–82–789CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1983.

**60**

Alvin M. Titus, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for murder.

Tony Peterson (Peterson or appellant) was charged with murder under TEX.PENAL CODE ANN. §§ 19.02(a)(1), 19.-02(a)(2) (Vernon 1974) in the death of Ronald Charles Cruse (Cruse or deceased). The jury found him guilty as charged under § 19.02(a)(2). Punishment was assessed by the trial court at fifteen years imprisonment. In three grounds of error, Peterson challenges the sufficiency of the evidence to support venue in Harris County, the constitutionality of § 19.02(a)(2), and the propriety of charging the jury in the language of § 19.02(a)(2) and in the language of the indictment. We affirm.

Early in the evening of January 19, 1982, near the intersection of Lyons and Gregg (also referred to at trial as "Griggs") in Harris County, an argument broke out between appellant and deceased over ten dollars deceased allegedly owed appellant. A scuffle ensued and the two men fell wrestling to the ground. They were separated by others present at the scene and appellant went home. He returned to the scene about one hour later, purportedly to search for his wallet, necklace, and watch. He again encountered deceased and another argument broke out between the two men. During this argument appellant pulled a gun. Another scuffle followed and appellant's gun discharged, grazing deceased on the left chest. Appellant then followed deceased a short distance and fired two more shots in his direction, striking him in the back and killing him.

In his first ground of error, appellant contends the state failed to show the offense occurred in Harris County, as alleged in the indictment. He argues the evidence shows only that the *witnesses* to the shooting were in Harris County.

 Improper venue must be raised as an issue in the trial court or it will be presumed that venue was established. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex. Cr.App.1981); TEX.CODE CRIM.PROC. ANN. art. 44.24 (Vernon Supp. 1982–1983). Appellant raises this issue for the first time on appeal; we must therefore presume that venue in Harris County was proven. *Clark v. State,* 558 S.W.2d 887, 891 (Tex.Cr.App. 1977). Further, the evidence showed the intersection of Lyons and "Griggs" was in Harris County and that the fatal shooting occurred behind a drugstore located at one corner of the intersection. We find this sufficient to prove venue, which need only be proven by a preponderance of the evidence. *Clark,* 558 S.W.2d at 891; TEX. CODE CRIM.PROC.ANN. art. 13.17 (Vernon 1977). Additionally, the evidence shows the offense occurred within four hundred yards of the intersection; therefore, even if the offense occurred in another county, venue was proper in Harris County. TEX.CODE CRIM.PROC.ANN. art. 13.04 (Vernon Supp. 1982–1983). Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant contends § 19.02(a)(2) is unconstitutional because it does not require a culpable mental state for the act alleged to be "clearly dangerous to human life that causes the death of an individual"; therefore, he contends the indictment charging appellant with murder under § 19.02(a)(2) and the jury charge tracking the language of § 19.02(a)(2) and the indictment were fundamentally defective.

 Section 19.02(a)(2) provides that a person commits the offense of murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." The Court of Criminal Appeals has recently held that § 19.02(a)(2) is a "result" type of crime and requires only that a culpable mental state be associated with the intended result, i.e., the intent to cause serious bodily injury; having such intent, a conviction under § 19.02(a)(2) is authorized only if the act resulting in death was clearly dangerous to human life. *Lugo-Lugo v. State,* 650 S.W.2d 72 No. 60,018 (Tex.Cr.App.1983). We therefore find § 19.02(a)(2) is not unconstitutional for failure to require a culpable mental state. Further, the indictment charges the appellant "did then and there unlawfully intend to cause serious bodily injury to RONALD CHARLES CRUSE . . . and did cause the death of [Cruse] by committing an act clearly dangerous to human life, namely, by shooting [Cruse] with a gun." This language is sufficient to charge an offense under § 19.02(a)(2) and does not render the indictment fatally defective for failure to allege a culpable mental state. *Id.* Therefore, it was not fundamental error to charge the jury in the language of § 19.02(a)(2) and in the language of the indictment. Appellant's second and third grounds of error are overruled.

The judgment of the trial court is affirmed.