**Diane Christine BARTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–209–CR.**

Court of Appeals of Texas,
Fort Worth.

June 19, 1997.

(1944).

Philips, Hopkins, Eames, Shelton, Cobb, Perritt, P.C., Jerry Cobb, Denton, for appellant.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore, Rick Daniel, Doug Wilder, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for State.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

PER CURIAM.

■ Appellant Diane Christine Barton appeals her conviction for driving while intoxicated, alleging that the State failed to prove the offense occurred in Texas. Because we take judicial notice of the fact that Denton County is in Texas, we affirm the trial court's judgment.

Appellant was convicted of DWI and sentenced to 90 days' confinement, which was suspended, two years' community supervision, 80 hours' community service, and a $750 fine. In her sole point of error, appellant claims that her conviction should be reversed because the State failed to prove that she committed the offense in Texas. Appellant does not dispute that the State proved the offense occurred in Denton County. However, appellant argues that the State did not prove, and did not request the trial court to take judicial notice of, the fact that Denton County is in Texas.

■ We may take judicial notice of the location of counties because geographical facts are easily ascertainable and capable of verifiable certainty. *See Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503, 506 (Tex.1981) (op. on reh'g). Accordingly, we take judicial notice that Denton County is in Texas. We overrule appellant's sole point of error and affirm the trial court's judgment.