CAUSE NO: **674.15**

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ORIGINAL

REGINALD FRITZ BELL,

APPELLANT/PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 20 2015

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS,

APPELLEE/RESPONDENT

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

IN APPEAL NO: 02-14-00156-CR

FROM THE

COURT OF APPEALS

FOR THE 2ND JUDICIAL DISTRICT OF TEXAS

Reginald F. Bell
TDCJ-ID: 1923613
James A. Lynaugh Unit
1098, South Hwy 2037
Ft. Stockton, Tx 79735

CAUSE NO:_____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

REGINALD FRITZ BELL,

APPELLANT/PETITIONER

VS.

THE STATE OF TEXAS,

APPELLEE/RESPONDENT

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof;

### Statement Regarding Oral Argument

The Appellant/Petitioner request Oral Argument in this case because such argument may assist the Court in applying the facts to the issues raised, it is suggested that Oral Argument may help simplify the facts and clarify the issues.

-1-

## Statement of the Case

On May 24, 2013, Appellant was indicted for the felony offense of Indecency - Fondling alleged to have occurred on or about September 02, 2012 in Tarrant County, Texas (CR6). On September 27, 2013, Appellant entered a plea of guilty and received 10 years deferred adjudication probation, pursuant to a plea bargain agreement which was approved by the trial Court. (CR26-31). On March 03, 2014, the State filed its first Petition to proceed to adjudication (CR45-49), on April 15, 2014, the trial Court conducted a hearing on the Petition. After being admonished by the trial Court, Appellant entered plea of "True" to each allegation (RR.I 5-16). The State offered no testimony (RR. I 15). Appellant's trial counsel called four witness, including Appellant (RR I 18-86). After both sides rested and presented argument, the trial Court assessed Appellant's punishment at 15 years in the Institutional Division of the Texas Department of Criminal Justice (RR I 93). The next day, Appellant filed his notice of appeal (CR 73).

## Statement of Procedural History

In Case No. 1319218-D, The Appellant/Petitioner was charged with the offense of Indecency with a Child. The Appellant/Petitioner was convicted of such offense on April 15, 2014 and appealed the conviction.

On April 16, 2015, the 2nd Court of Appeals affirmed the conviction. No Motion for Rehearing was filed. On July 17, 2015, this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2(b) Texas Rules of Appellate Procedure.

## List of Interested Parties

Pursuant to the Texas Rules of Appellate Procedure, Rule 38.1 (a), Appellant lists the following persons who have an interest in the appeal for purpose of the Court's determining conflicts and recusals:

| PARTIES | |
|---------|---|
| REGINALD FRITZ BELL | **TRIAL COUNSEL**<br>Hon. Gary Shane Lewis<br>Attorney At Law<br>1319 Ballinger Street<br>Fort Worth, Tx 76102<br><br>**APPELLATE COUNSEL**<br>Don Hase<br>Attorney At Law<br>4025 Woodland Park Blvd,<br>Suite 100<br>Arlington, Tx 76013 |
| THE STATE OF TEXAS | **TRIAL COUNSEL**<br>Hon. Erin W. Cofer<br>Mr. Phillip Hall (Intern)<br>Assistant District Attorney<br>401 W. Belknap<br>Fort Worth, Tx 76196<br><br>**APPELLATE COUNSEL**<br>Hon. Joe Shannon, Jr.,<br>District Attorney<br><br>Hon. Charles Mallin,<br>Assistant Attorney<br>Attorney & Chief of Appellate<br>Section<br>401 W. Belknap<br>Fort Worth, Texas 76196<br><br>**JUDGE**<br>Hon. Mollee Westfall<br>371st District Court<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

# Table of Contents

Page

INDEX OF AUTHORITIES........................................ iii

STATEMENT REGARDING ORAL ARGUMENT............................ 1

STATEMENT OF THE CASE........................................ 2

STATEMENT OF PROCEDURAL HISTORY.............................. 3

GROUNDS FOR REVIEW.......................................... 4

GROUND FOR REVIEW NO. ONE................................... 5
CLAIM OF JURISDICTION DEFECT.

GROUND FOR REVIEW NO. TWO................................... 6
IMPROPER VENUE

GROUND FOR REVIEW NO. THREE................................. 7
INEFFECTIVE ASSISTANCE OF COUNSEL AT ORIGINAL PLEA PROCEEDING

GROUND FOR REVIEW NO. FOUR.................................. 8
INEFFECTIVE ASSISTANCE OF COUNSEL AT COMMUNITY SUPERVISION
REVOCATION HEARING

GROUND FOR REVIEW NO. FIVE.................................. 9
ONE PROSECUTOR NOT AUTHORIZED TO PRACTICE LAW

ARGUMENT NUMBER ONE......................................... 5

ARGUMENT NUMBER TWO......................................... 6

ARGUMENT NUMBER THREE....................................... 7

ARGUMENT NUMBER FOUR........................................ 8

ARGUMENT NUMBER FIVE........................................ 9

PRAYER FOR RELIEF...........................................10

CERTIFICATE OF SERVICE......................................10

APPENDIX A. [MEMORANDUM OPINION]..........................11-14

LIST OF INTERESTED PARTIES................................... i

## Index of Authorities

Cases                                                                    Page

Rodriguez v. State, 42 S.W. 3d 181................................... 4,5

Black v. State, 645 S.W. 2d 789..................................... 4,6

David v. State, 704 S.W. 2d 766..................................... 4

Jones v. State, 42 S.W. 3d 143...................................... 5

Martinez v. State, 5 S.W. 3d 722.................................... 5

Exparte Rogers, 820 S.W. 2d 35..................................... 5

Peterson v. State, 659 S.W. 2d 59.................................. 6

Couchman v. State, 3 S.W. 3d 155................................... 6

Granados v. State, 843 S.W. 2d 736................................. 6

Barton v. State, 948 S.W. 2d 364................................... 6

Braddy v. State, 908 S.W. 2d 465................................... 6

Exparte Harmon, 116 S.W. 3d 778 (Tex. Crim. App. 2003)...... 7

Exparte Patrick Logan Montgomery, 2009 WL 1165499 (Tex. Crim App. 2009)............................................................. 7

Schmutz v. State, 440 S.W. 3d 29................................... 7

Wesley v. State, 548 S.W. 2d 37.................................... 7

Slavin v. State, 548 S.W. 2d 30.................................... 7

C.F. v. State, 897 S.W. 2d 464..................................... 7

Polk v. State, 547 S.W. 2d 605..................................... 7

Victory v. State, 547 S.W. 2d 1.................................... 7

Cooper v. State, 45 S.W. 3d 77..................................... 8

Mendoza v. State, 76 S.W. 3d 742................................... 8

**Rules:**

Texas Rules of Appellate Procedure, Rule 9.2(b)............. 3

Texas Rules of Appellate Procedure, Rule 38.1g............. 4

Texas Criminal Procedure Code Ann §§13,14 and 13, 17........ 6

Code of Criminal Procedure Article 42.12 §5(b)............. 4

Texas Rules of Appellate Procedure, Rule 25.26(3)........... 9

Code of Criminal Procedure Article 1.15 and 1.17........... 9

Other Authorities

Criminal Law 105

Courts - 40

Criminal Law 564(1)

## Grounds for Review

### I.

### Claim of Jurisdiction Defect

When a Court has no jurisdiction, it has no power to act, and any actions taken in the absence of jurisdiction is void. Rodriguez v. State, 42 S.W. 3d 181.

### II.

### Improper Venue

As a general rule, venue is proper in the county where alleged Sexual Offense takes place. Tex. Crim. Proc. Code Ann §§13.14 and 13.17. Black v. State 645 S.W. 2d 789.

### III.

### Ineffective Assistance of Counsel at original Plead Proceeding.

After adjudication of guilt, a defendant's normal appellate remedies are available to him under Article 42.12 §5(b) raise a claim of error arising from the original plea proceeding. David v. State, 704 S.W. 2d 766.

### IV.

### Ineffective Assistance of Counsel at Supervision Revocation hearing.

The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, and he is called on to serve a sentence in a jail or in the TDCJ.

### V.

### One Prosecutor not Auhtorized to Practice Law.

One Prosecutor not authorized to practice law pursuant to Texas Rules of Appellate Procedure, Rule 38.1(g). The trial Court erred when it allowed a person not authorized to practice law in Texas acting as one of the two prosecutors in the revocation hearing.

-4-

## Ground for Review No. One
## Claim of Jurisdiction Defect

Statement of Facts:

According to the indictment the alleged felony offense occurred on or about December 02, 2012 in Tarrant County, Texas (CR6). However, the Court error by invoking jurisdiction because the Court didn't have jurisdiction of person. The defendant didn't live in Tarrant County and the venue was not in Tarrant County either. The alleged felony offense occurred at the Budget Suite 1050 N. Hwy 360 Grand Prairie, Texas 75050, Dallas County. The defendant also lived in Dallas County at the time of alleged offense. Criminal law 105 a jurisdiction issue may always be reached at any time whether raised by the parties or by the Court. Rules App. Proc. Rule 25.2b(3) as in **Jones v. State**, 42 S.W. 3d 143. Court - 40 any action taken by a Court without jurisdiction is void. **Martinez v. State**, 5 S.W. 3d 722 (Tex. App.-San Antonio 1999). Subject matter jurisdiction in both criminal and civil matter is fundamental, can be raised at any time and cannot be waived or conferred by agreement, **Exparte Rogers**, 820 S.W. 2d 35. Thus when a Court has no jurisdiction, it has no power to act, and any actions taken in the absence of jurisdiction is void. **Rodriguez v. State**, 42 S.W. 3d 181.

-5-

## Ground for Review Two
### Improper Venue

As a general rule, Venue is proper in the county where the alleged Sexual Offense takes place. Tex. Crim. Proc. Code Ann. §§13.14 & 13.17. The burden of proof is on the State to establish proper venue by a preponderance of the evidence **Black v. State**, 645 S.W. 2d 789; **Peterson v. State**, 659 S.W. 2d 59, failure to prove venue in the county of prosecution is reversible error. Criminal law 304(6). An Appellate Court can take judicial notice that a given town is a county seat. Criminal law 564(1) Judicial notice can serve as proof that venue lies in the county for which a town is the county seat for crimes alleged in that town. In the above case the venue is improper because it lies in the county of Dallas. Proper venue would have afforded the defendant his due process. **Couchman**, 3 S.W. 3d 155; **Granados**, 843 S.W. 2d 736; **Barton**, 948 S.W. 2d 364; **Braddy v. State**, 908 S.W. 2d 465.

## Ground for Review Three

**Ineffective Assistance of Counsel at original plea proceeding.**

Voluntariness of plea was involuntary do to the ineffective of counsel. Upon hiring Mark Scott of Tarrant County for the offense of Indecency with a child I was not properly advise about the matter. Upon setting in county to be released on bond the attempt to contact the defendant attorney would go without respond. The defendant wrote the Court about unable to contact the attorney upon trying to get the case resolved. The defendant felt he had no other choice but to take probation and try to resolve the case from outside. A defendant's guilty plea did not bar relief. **Exparte Harmon,** 116 S.W. 3d 778 (Tex. Crim. App. 2003); **Exparte Patrick Loyar Montomery,** 2009 WL 1165499 Tex. Crim. App. 2009. The act of the defendant counsel was in fact harmful and prejudice. In **Schmutz v. State,** 440 S.W. 3d 29, show the harmful act of Ineffective Assistance of Counsel. An indictment must allege both the act and the accompany mental state, because the accompanying mental state is a part of the conduct "Elements of the offense" mean the "Forbidden Conduct" plus the required culpability. The defendant was advise by his counsel that the out cry alone was good enough to convict. The defendant told counsel that there was never intent to arouse or gratify the sexual desire of any person constitutes reversible error, regardless of whether a Motion to Quash indictment was filed. **Wesley v. State,** 548 S.W. 2d 37; **Slavin v. State,** 548 S.W. 2d 30; **C.F. v. State,** 897 S.W. 2d 464; **Polk v. State,** 547 S.W. 2d 605; **Victory v. State,** 547 S.W. 2d 1.

## Ground for Review Four

## Ineffective Assistance of Counsel at Supervision Revocation Hearing.

In this ground for review, Counsel's action was harmful and prejudice by not objecting to at several stages of the hearing. At one point doing the hearing why defendant was question by the prosecutor Assistance District Attorney Erin W. Cofer, who's state bar number is listed as 24066277, which doing question stated the intent to arouse and gratify the sexual desire of any person was "Irrelavant" which is necessary for the offense of Indecency with child. The plea of guilty or nolo contendere alone is not sufficient to support conviction; State is required to introduce sufficient evidence to support judgment. **Cooper v. State**, 45 S.W. 3d 77. Also during the punishment phase defendant counsel fail to bring to the attention of the court the ruling in a similar case as to punishment of seven years. When the defendant tried to object to the punishment he was told to put it on a appeal by the Court. Even though defendant plead true to the violation there were do to the defendant trying to fulfill the condition of community supervision, defendant communicated with community supervisor thus more than idea candidate for community supervision. Counsel remarks in closing argument was harm and prejudice to the ability of the defendant to complete community supervision. In **Mendoza v. State**, 935 S.W. 2d 501. The Courts dealt with when the evidence is contrary to a guilty plea.

## Ground for Review Five

### One Prosecutor not Authorized to Practice law.

Pursuant to Texas Rules of Appellate Procedure Rule 38.1(g), Appellant submits that the trial court gave permission to appeal. In **Marbut v. State**, 76 S.W 3d 742, Justice Gray stated if an appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under code of criminal procedure article 1.15 and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. State that the trial court granted permission to appeal. The trial court denied any objection when defendant tried to object in the punishment phase of the hearing stating to put it on an appeal. Court gave permission to do so. Therefore the defendant preserve this alleged error for review according to Rule of Appellate Procedure 25.2(b)(3), Criminal law 1030(2) and 1033.1. Denial of absolute, systemic requirement which do not require a timely and specific objection to raise for the first time on appeal, includes jurisdiction of the person, jurisdiction of the subject matter and a Penal Statute's being in compliance.

## Prayer for Relief

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas shoud grant this Petition for Discretionary Review.

Respectfully Submitted,

X _Reginald 7. Bell_
Reginald Fritz Bell
TDCJ-ID #1923613
James A. Lynaugh Unit
1098, South Hwy 2037
Ft. Stockton, Tx 79735

## Certificate of Service

The undersigned Appellant/Petitioner hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed, U.S. Mail postage prepaid to the office of the Criminal District Attorney for Tarrant County, Hon Joe Shannon, Jr., District Attorney, 401 W. Belknap, Forth Worth, Texas 76196 and to the State Prosecution Attorney, P.O.Box 12405, Austin, Texas 78711 on this the 17th dat of July, 2015.

X _Reginald 7. Bell_
Reginald Fritz Bell
Appellant/Petitioner

-10-



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00156-CR

REGINALD FRITZ BELL
APPELLANT

V.

THE STATE OF TEXAS
STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1319218D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Reginald Fritz Bell appeals the trial court's judgment adjudicating him guilty of indecency with a child and sentencing him to fifteen years' confinement. *See* Tex. Penal Code Ann. § 21.11 (West 2011). In one point, Bell argues that the trial court reversibly erred by allowing a law-student intern from the district attorney's office to question two witnesses and make closing

----

[1]*See* Tex. R. App. P. 47.4.

arguments during the punishment hearing that followed the trial court's adjudication of guilt. We will affirm.

The facts of this case are not in dispute. And Bell does not dispute that he pleaded "true" to each of the State's alleged violations in its petition to proceed to adjudication. Bell also does not challenge the trial court's having adjudicated him guilty based upon his pleas. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979) (holding that a defendant's plea of true to any of the State's alleged violations, standing alone, is sufficient to support a trial court's revocation of community supervision). Rather, Bell argues that Phillip Hall, an apparent law student and intern at the district attorney's office who purportedly sat "second chair" to Tarrant County Assistant District Attorney Erin W. Cofer during the adjudication proceedings below, should not have been allowed to question witnesses nor make closing arguments without the trial court first having found that Hall was a "qualified law student" in accordance with the Supreme Court of Texas's promulgated rules that govern when a law student may participate in court proceedings. *See* Tex. Gov't Code Ann. § 81.102(b)(3) (West 2013) (stating that the supreme court may promulgate rules that govern and allow law students to practice law). The State argues that because Bell did not object at trial to Hall's participation, Bell has failed to preserve this alleged error for our review. We agree with the State.

As a general rule, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states

2

the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Here, Bell did not object in the trial court that Hall was not a "qualified law student." Therefore, Bell failed to preserve this alleged error for our review, and we overrule his sole issue. *See Marbut v. State*, 76 S.W.3d 742, 750 (Tex. App.—Waco 2002, pet. ref'd) (holding that defendant forfeited appellate review of alleged procedural violations in appointing an attorney pro tem by failing to object in the trial court).

Having overruled Bell's sole issue on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2015

3



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00156-CR

| | | |
|---|---|---|
| Reginald Fritz Bell | § | From the 371st District Court |
| | § | of Tarrant County (1319218D) |
| v. | § | April 16, 2015 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By /s/ Bill Meier
    Justice Bill Meier

Reginald Fritz Bell
TDCJ # 1983613
James Lynaugh Unit
1098 S Hwy 2037
FT. Stockton, TX 79735

Costa, Clerk
Criminal Appeals
Street Rm. 106 78701
68
xas 78711-2368

MIDLAND TX 797
FRI 17 JUL 2015 FM