# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-24-00254-CR
---

**Jon Bradley Freese, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-20-2143-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Jon Bradley Freese was charged with continuous sexual abuse of a child and indecency with a child by exposure. *See* Tex. Penal Code §§ 21.02, .11. The victim in both charges was Freese's younger half-sister E.J.[1] Following a trial, the jury found Freese guilty of the charged offenses.[2] Freese elected to have the trial court assess his punishments, and the trial court sentenced him to forty years' imprisonment for the continuous-sexual-abuse charge and to ten years' imprisonment for the indecency charge. On appeal, Freese argues that his indecency

---

[1] Because E.J. is a minor, we will refer to her by an alias and to her family members by their relationships to her. *See* Tex. R. App. P. 9.10(a)(3).

[2] The indictment originally also charged Freese with two counts of aggravated sexual assault of a child and one count of indecency with a child by contact. *See* Tex. Penal Code §§ 21.11(a)(1), 22.021. However, the jury charge specified that if the jury found Freese guilty of continuous sexual abuse of a child, the jury did not have to consider whether he was also guilty of these alternative charges. Following trial, the State moved to dismiss the three alternative charges, and the trial court granted the request.

conviction should be reversed because it was prosecuted in the wrong venue. We will affirm the trial court's judgment of conviction for the indecency charge and leave undisturbed the conviction for continuous sexual abuse.

## BACKGROUND

When E.J. was fifteen years' old, she told a counselor at her high school that she had been sexually abused by her half-brother Freese, who was sixteen years older than she. Following this disclosure, the counselor informed the Department of Family and Protective Services (the "Department"), and a police officer went to the high school to talk with E.J. After E.J. talked with the officer, Freese was arrested and charged with continuous sexual abuse of a child and indecency with a child by exposure.

Regarding the continuous-abuse charge, the indictment alleged as follows:

On or about and between the 18th day of September, 2007 and the 1st day of September, 2012, in Hays County, Texas, the Defendant, Jon Bradley Freese, did then and there during a period that was 30 or more days in duration, namely from on or about the 18th day of September, 2007[,] through the 1st day of September, 2012, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, E.J., and said acts of abuse were violations of one or more of the following penal laws:

• Aggravated Sexual Assault by intentionally or knowingly causing the mouth of the defendant to contact or penetrate the sexual organ of the child; [or]

• Indecency with a Child by causing the child to touch the genitals of the defendant with the intent to arouse or gratify the defendant's or the child's sexual desire[.]

Concerning the indecency charge, the indictment alleged as follows:

On or about the 18th day of September, 2005, in Hays County, Texas, the Defendant, Jon Bradley Freese, did then and there, with the intent to arouse or

2

gratify the sexual desire of the defendant or E.J., expose the defendant[']s genitals, knowing that E.J., a child younger than 14 years of age, was present[.]

During the trial, the following witnesses testified: E.J., one of the investigating officers in this case, an officer who investigated another case involving Freese, Mother, and Freese. In her testimony, E.J. related that she was born in 2001 and lived in Kyle, Texas. Further, she explained that in 2017 she told one of her high school counselors that Freese had sexually abused her years earlier, that the counselor filed a report with the Department, and that a police officer later came to the school to interview her. While testifying, E.J. described several incidents that occurred between Freese and her.

First, E.J. recalled that when she was five years old, Freese agreed to watch her in his apartment in Austin, Texas, while Mother worked nearby. At the apartment, Freese told her to go to his bedroom, undress, lay on the bed, and spread her legs. After she complied, Freese masturbated while looking at her. When he ejaculated, Freese made her look at it and told her "[l]ook at what you do to me." E.J. clarified that Freese did not touch her during this incident.

Next, E.J. testified that an incident occurred in Kyle when she was seven or eight years old after Freese moved next door to her home. While E.J. was at Freese's home, he pulled her underwear down and performed "oral sex" on her by placing "[h]is mouth . . . on [her] privates."

Concerning a third incident, E.J. recalled that it occurred in her bedroom when she was nine years old. Specifically, E.J. related that Freese made her "give him a hand job" by forcing her to touch his "exposed" penis and move her hand while holding his penis.

E.J. testified that the final incident occurred at her grandfather's home in Kyle when she was eleven or twelve years old. While they were on the couch, Freese unzipped his

pants, exposed his penis, and tried to make her put her mouth on his penis, but she did not comply. During the incident, Freese performed "oral sex" on her by placing his mouth on her vagina while she was facing "[t]owards his penis."[3]

In her testimony, E.J. stated that when she was eleven or twelve years old, she overheard Freese telling her father that he was sorry for raping her. Similarly, Mother testified that she heard Freese screaming that someone should kill him because he raped E.J. Further, Mother explained that she drove Freese to a mental-health hospital the next day and did not see him again until years later when the trial started. Additionally, Mother admitted that she did not call the police when Freese made the admission and instead wanted to deal with the situation within the family.

The officer who interviewed E.J. at her school testified that E.J. lived in Kyle, which is in Hays County, and that E.J. related to him the following events:

> When E.J. was four years old, Freese took off her clothes and masturbated in front of her while she was in his apartment in Austin;
>
> When E.J. was seven or eight years old, Freese "went down on her" in her home in Kyle;
>
> At the same home, Freese grabbed her hand, placed it on his penis after removing his pants, and "made her masturbate him"; and
>
> When E.J. was eleven years old and at her grandfather's home, Freese performed oral sex on her and tried to make her perform oral sex on him.

Another officer called as a witness discussed how Freese had previously pleaded guilty to a charge of indecency with a child by contact involving a different victim. Freese

---

[3] While testifying, E.J. described an earlier incident occurring when she was four or five years old and living in Kyle in which Freese got into the shower with her at her house. However, E.J. did not remember if Freese was naked in the shower and did not further describe the incident.

4

entered the plea as part of a plea agreement in which the State agreed to drop the charge of aggravated sexual assault of a child. The officer explained that the incident occurred in 2015.

In his case-in-chief, Freese elected to testify and admitted that he had pleaded guilty to the 2015 charge of indecency with a child and was sent to prison. Further, he admitted that he previously pleaded guilty to possession of a controlled substance, pleaded no contest to a theft charge, and was convicted of assaulting a public servant. Freese denied all of the allegations involving E.J.

Freese was convicted of continuous sexual abuse of a child and indecency with a child by exposure, and he appeals his conviction for indecency with a child.

**DISCUSSION**

In one issue on appeal, Freese contends that his conviction for indecency with a child by exposure should be reversed because the evidence pertaining to that offense showed that it occurred in Travis County rather than in Hays County as alleged in the indictment. More specifically, Freese argues that the record establishes that the incident serving as the basis for the indecency charge allegedly occurred in his apartment in Austin in Travis County. As support, Freese points to testimony from E.J. and from the police officer investigating this case and notes how both witnesses discussed Freese's masturbating in front of her in his apartment when she was four or five years old and notes that the portion of the indictment setting out the indecency charge alleged that the incident occurred in 2005, which was four years after E.J. was born. Additionally, Freese highlights that the State asserted in the first portion of its closing argument that the incident referred to in the indecency charge was when he allegedly "masturbated in front of her and . . . she saw his ejaculate afterwards." Building on the preceding, Freese contends

5

that actions occurring outside of Hays County should not have been prosecuted in this case. Although Freese acknowledges that he did not "dispute venue in the trial court," he argues that the error should be addressed on appeal.[4] Additionally, Freese urges that this error harmed him because he would not have been convicted of the indecency charge had the error not occurred.

In presenting his issue, Freese does not challenge the sufficiency of the evidence pertaining to the elements of his indecency conviction. An "element" of an offense "is a fact that is legally required for a fact finder to convict a person of a substantive offense." *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014). "As it is not a 'criminative fact,' venue is not an 'element of the offense' under Texas law." *Id.*; *see also State v. Blankenship*, 170 S.W.3d 676, 682 (Tex. App.—Austin 2005, pet. ref'd) (noting that "venue is not a constituent element of [an] offense"). "Because venue is not an element of the offense, the . . . failure to prove venue does not implicate sufficiency of the evidence, nor does it require acquittal under *Jackson* [*v. Virginia*]." *Schmutz*, 440 S.W.3d at 35; *see Blankenship*, 170 S.W.3d at 682 (explaining that "the failure to prove venue does not negate the guilt of the defendant"). Accordingly, under the Rules of Appellate Procedure, appellate courts presume that venue was proved in the trial court unless it was disputed in the trial court or the record affirmatively shows the contrary. Tex. R. App. P. 44.2(c)(1).

As set out above, Freese did not dispute venue in the trial court, and accordingly, we must determine whether the record affirmatively shows that Hays County was not a proper

---

[4] At the start of trial, the trial court held a hearing to determine whether the police officer who interviewed E.J. could testify as an outcry witness. *See* Tex. Code Crim. Proc. art. 38.072. In the hearing, Freese asserted that the officer should not be allowed to testify about the incident occurring in Austin because it was "an extraneous offense" and not relevant "to this case." However, Freese did not argue that the venue for the indecency charge was improper and does not assert on appeal that he challenged venue in the trial court.

6

venue for the indecency charge. *See id.*; *Eme-Odunze v. State*, No. 14-14-00601-CR, 2016 WL 792504, at *4 (Tex. App.—Houston [14th Dist.] Mar. 1, 2016, pet. ref'd) (mem. op., not designated for publication) (determining that appellant did not make venue objection at trial and, therefore, addressing whether record affirmatively showed venue was not proper). For the presumption that venue was proved not to apply, "the record [must] affirmatively negate[] whatever proof was made by the State on the matter of venue." *Holdridge v. State*, 707 S.W.2d 18, 21-22 (Tex. Crim. App. 1986).

The general venue statute in effect at the time of the alleged offenses provided that "[i]f venue is not specifically stated" in the Code of Criminal Procedure for the type of offense alleged, "the proper county for the prosecution of offenses is that in which the offense was committed." Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, art. 13.18, 1973 Tex. Gen. Laws 883, 978, *repealed and recodified by* Act of May 19, 2023, 88th Leg., R.S., ch. 765, §§ 1.001, 3.001, art. 13A.001, 2023 Tex. Gen. Laws 1837, 1874, 1974 (current version at Tex. Code Crim. Proc. art. 13A.001). During the relevant time, there was no special venue provision for the offenses in question.[5] As set out above, all of the charged offenses were alleged to have occurred in Hays County.

---

[5] In 2011, a statute governing venue for certain offenses involving children went into effect and authorized those types of cases to be prosecuted in the county in which the offense was committed, the defendant was apprehended, the victim resided, or the defendant resided. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 1100, § 1, art. 13.075, 2011 Tex. Gen. Laws 2844, 2844, *repealed and recodified by* Act of May 19, 2023, 88th Leg., R.S., ch. 765, §§ 1.001, 3.001, art. 13A.056, 2023 Tex. Gen. Laws 1837, 1875, 1974 (current version at Tex. Code Crim. Proc. art. 13A.056). However, this statute was not in effect at the time that the Austin incident occurred. *See LaBranche v. State*, No. 03-12-00473-CR, 2014 WL 3411207, at *3 & n.3 (Tex. App.—Austin July 11, 2014, no pet.) (mem. op., not designated for publication) (explaining that general venue provision applied because offenses occurred before special venue provision codified in article 13A.056 went into effect in 2011).

When claiming that the conduct forming the basis for the indecency count must have occurred in his apartment in Austin, Freese correctly points out that the indecency charge alleged that the offense occurred "on or about" September 18, 2005, and that the evidence presented at trial indicated that the Austin incident occurred when E.J. was four or five years old, which would have been her approximate age in 2005. However, "[i]t is a longstanding rule that the State is not required to prove that an offense was committed on the date alleged in the indictment (whether or not the words 'on or about' are used) but may prove that the offense was committed on any date prior to the return of the indictment and within the period of limitations." *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd); *see Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Moreover, the Code of Criminal Procedure specifies that there is no statute of limitations for the offense of indecency with a child. *See* Tex. Code Crim. Proc. art. 12.01(1)(E). Consistent with the authority above, a portion of the charge pertaining to the indecency charge instructed the jury that it could find Freese guilty of that charge for an act occurring before the date of the indictment in 2023.

With the preceding in mind, we must consider whether there was an offense other than the Austin incident that could have served as the basis for the indecency charge. During her testimony, E.J. described the three incidents besides the Austin one: (1) the incident in Kyle at the house next to hers when she was seven or eight years old in which he "placed his mouth on [her] privates"; (2) the incident in her bedroom in Kyle when she was nine years old in which he "exposed" his penis and made her touch it; and (3) the incident at her grandfather's house in Kyle when she was eleven or twelve years old in which Freese exposed his penis and attempted to make her put her mouth on it while putting his mouth on her vagina. The investigating officer testified that E.J.'s home was in Kyle, which is in Hays County, and three of the alleged

8

incidents described by E.J. occurred in Kyle. *See* Tex. R. Evid. 201(b)(2) (judicial notice of fact not subject to reasonable dispute); *see also Barton v. State*, 948 S.W.2d 364, 365 (Tex. App.—Fort Worth 1997, no pet.) (per curiam) (appellate courts may take judicial notice of geographical facts because they are "easily ascertainable and capable of verifiable certainty").

To convict Freese of the offense of continuous sexual abuse, the jury had to determine that Freese committed two of these three incidents described by E.J., and any pair chosen would have satisfied the timing component needed for the offense of continuous sexual abuse. *See* Tex. Penal Code § 21.02 (providing that person commits offense if he commits two or more acts of sexual abuse, including sexual assault or indecency with child by sexual contact, during period that is thirty or more days in duration). In her testimony, E.J. specifically testified that Freese exposed his penis during two of the three incidents before engaging in other sexual behavior. *See id.* § 21.11 (explaining that person commits offense of indecency by exposure if he exposes his genitals with intent to arouse or gratify sexual desire of any person while knowing that child is present).

Even though courts have recognized that a charge for indecency with a child by exposure can be subsumed into the offense of sexual assault of a child when the two charges stem from the same conduct, *see Gonzalez Soto v. State*, 267 S.W.3d 327, 343-45 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.), that would not necessarily have occurred in this case because the jury only had to determine that Freese committed two of the three offenses described by E.J. as occurring in Kyle to convict him of continuous sexual abuse, meaning that the evidence regarding one of the offenses that involved exposure could have served as the basis for the conviction for indecency with a child by exposure even though the incident involved more than just the conduct prohibited by the indecency statute, *see Patterson v. State*, 152 S.W.3d 88,

9

89, 92 (Tex. Crim. App. 2004) (explaining that "indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses").

Additionally, although the State did initially suggest in its closing that the indecency charge pertained to the earliest incident, which E.J. described as Freese's masturbating in front of her and ejaculating, the State later clarified that there were several incidents that could serve as the basis for the indecency charge because E.J. described seeing Freese's exposed penis in more than one incident.

Based on the preceding, we cannot conclude that the record affirmatively negates the proof offered by the State on the matter of venue for the indecency charge as being in Hays County. *See Holdridge*, 707 S.W.2d at 21-22; *see also Williams v. State*, 356 S.W.3d 508, 519 (Tex. App.—Texarkana 2011, pet. ref'd) ("Because Williams did not challenge venue in the trial court and the record does not affirmatively show that venue does not exist in Hopkins County, we overrule Williams' argument that the State failed to establish venue"); *Gonzales v. State*, No. 07-03-00248-CR, 2004 WL 322970, at *1 (Tex. App.—Amarillo 2001, no pet.) (mem. op., not designated for publication) ("Though appellant may contend that the foregoing litany of evidence does not prove that the crime occurred in Castro County, it nonetheless prevents us from concluding that the record *affirmatively* illustrates that venue in Castro County was not established"). Accordingly, we must presume that venue was proved in the trial court. *See* Tex. R. App. P. 44.2(c)(1).

Alternatively, even if the record affirmatively showed that Hays County was not the proper venue for the indecency charge, we would still be unable to sustain this issue. This Court has determined that the failure to prove venue is nonconstitutional error that should not result in reversal unless the error affected the defendant's substantial rights. *See Dewalt v. State*,

10

307 S.W.3d 437, 460 (Tex. App.—Austin 2010, pet. ref'd); *see also* Tex. R. App. P. 44.2(b) (explaining that for nonconstitutional errors, error "must be disregarded" if it "does not affect substantial rights"). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Blankenship*, 170 S.W.3d at 683.

"The issue of venue controlled only the geographic location where the case was to be tried; it did not impact the district court's jurisdiction, nor was it an element of any charge or potential defense in this case." *Dewalt*, 307 S.W.3d at 460. "Any error with regard to venue did not in itself alter the manner in which the charged offense was submitted to the jury or the jury's decision-making process." *Id.* Additionally, venue in Hays County "was consistent with the underlying legislative purposes of the venue statutes," which are designed "to ensure that jurors have a natural interest in the case because it touched their community; to ensure that prosecutions are initiated in counties that have some factual connection to the case, thus minimizing inconvenience to parties and witnesses; to aid predictability in judicial caseloads, and to prevent forum-shopping by the State." *See id.*

In this case, the criminal acts in question "had a substantial, indeed pervasive, connection" with Hays County. *See id.* E.J. lived in Hays County the entire time that the events were allegedly occurring, and Freese lived in Hays County for most of that time. All of the acts other than the one occurring at Freese's apartment occurred in Hays County. Additionally, Freese has not argued that he was physically inconvenienced or harmed by witness unavailability by having the trial for the indecency charge in Hays County instead of in nearby Travis County, and this case does not involve a situation in which the State forum-shopped to bring a prosecution in a venue that has little connection to the underlying facts or sought to taint the proceeding by pursuing the case in Hays County. *See id.* at 461. Further, Freese does not assert

11

that he received an unfair trial by virtue of its occurring in Hays County or that the judge and jury were biased. *See* Tex. Code Crim. Proc. art. 31A.004 (providing for change of venue in cases where defendant could not receive fair trial).

Finally, we note that the evidence supporting Freese's guilt for the charged offenses was strong. *See Dewalt*, 307 S.W.3d at 461. Both E.J. and the investigating officer who served as the outcry witness testified regarding the same four incidents and provided consistent details. Mother explained that Freese after admitting having raped E.J. said that someone should kill him. Additionally, evidence was admitted showing that Freese pleaded guilty to indecency with a child stemming from an incident involving another child victim. *See* Tex. Code Crim. Proc. art. 38.37 (allowing admission of extraneous offenses involving children in prosecution of sexual offense involving child victim for *any* bearing evidence has on relevant matters, including character of defendant and acts performed in conformity with that character). Although Freese denied committing any of the offenses against E.J., he admitted to victimizing the child that was the subject of the offense to which he pleaded guilty.

In light of the preceding, we conclude that any error regarding venue for the indecency charge would have been harmless.

For these reasons, we overrule Freese's issue on appeal.

## CONCLUSION

Having overruled Freese's issue on appeal, we affirm the trial court's judgment of conviction for indecency with a child by exposure and leave undisturbed the conviction for continuous sexual abuse of a child.

12

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:  May 30, 2025

Do Not Publish