**Opinion issued July 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00751-CR

————————————

**MICHAEL ADEOLA OWONIFARI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 432nd District Court**
**Tarrant County, Texas[1]**
**Trial Court Case No. 1788688**

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 23–9079, Transfer of Cases from Courts of Appeals (Tex. Sept. 26, 2023); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

A jury found Michael Adeola Owonifari guilty of three counts of aggravated sexual assault. *See* TEX. PENAL CODE § 22.021. The jury sentenced him to 33 years' imprisonment on each count, and the trial court ordered the sentences to run concurrently. On appeal, he asserts that the State did not meet its burden to establish that venue is proper in Tarrant County. We disagree and affirm.

## Background

Owonifari sexually assaulted a disabled person, D.L., by penetrating her vagina, anus, and mouth with his penis. The jury heard testimony that D.L., who was 38 years old at the time, has moderate intellectual disabilities and bipolar disorder. Among other details, the jury heard that D.L. attempts to befriend anyone and struggles to tell people "No." She compulsively spends money and requires assistance managing her bills and budgeting. She cannot read, write, or count. The jury heard that D.L. receives services and a case worker from My Health My Resources Tarrant County, an organization that helps individuals with intellectual and developmental disabilities. D.L. lived in an apartment off Brown Boulevard in Arlington, Texas with her 60-year-old cousin.

The jury heard that when D.L. was walking down Brown Boulevard, a man named "Charles," who was a stranger to D.L., asked her if she needed a ride home. D.L. got in his car. Rather than driving her home, Charles, who was later identified

in court as the appellant, drove D.L. to his apartment. D.L. testified that the apartment was in a brown building off Brown Boulevard. They exchanged telephone numbers, and the appellant took D.L. home. Sometime later, the appellant called D.L. around 1:00 a.m. to meet for "dinner." When he picked her up, the appellant gave D.L. his phone to watch pornography so she could learn about sex. Once inside the apartment, the appellant forced D.L. to engage in anal, vaginal, and oral intercourse. He also penetrated D.L. anally with a vibrator. When D.L. screamed for him to stop, the appellant squeezed D.L.'s neck with his hands, and she had trouble breathing. The appellant hit D.L. on her head and ribs and in her mouth, causing her to bleed. He threatened to kill D.L. when she tried to call for help.

When the appellant brought D.L. back to her apartment, she told her family about the sexual assault. A cousin called to report the sexual assault, and an Arlington police officer responded. D.L. told the police officer what had happened to her, and the officer escorted her to the hospital. D.L. underwent a sexual assault examination and described the assault to the nurse who conducted the exam.

A detective identified the appellant as Michael Owonifari using the phone number the appellant had given D.L. The detective prepared a photo lineup, and D.L. identified the appellant in the lineup as the person who sexually assaulted her.

3

The detective located an address for the appellant and testified that it was an apartment in a brown building located off Brown Boulevard in Arlington, Texas.

DNA testing found with a high degree of confidence that the appellant was the source of male DNA found on swabs from D.L.'s vagina and underwear.

The jury found the appellant guilty, and he appealed.

**Venue**

In a single issue, the appellant asserts that the State did not adduce sufficient evidence to prove that venue was proper in Tarrant County. He asserts that the totality of the evidence presented is insufficient to support the determination that the acts of sexual assault occurred in Tarrant County. We disagree.

Despite labeling his venue complaint as a challenge to the sufficiency of the evidence, venue is not an element of any criminal offense, and the State's failure to prove it does not implicate sufficiency of the evidence concerns or require that an acquittal be ordered under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). Instead, when a party raises a venue challenge on appeal, the Texas Rules of Appellate Procedure require appellate courts to presume that venue was proven unless it is "disputed in the trial court" or "the record affirmatively shows the contrary." TEX. R. APP. P. 44.2(c)(1); *See Schmutz*, 440 S.W.3d at 35. Venue need only be proven by a preponderance of the evidence. TEX. CODE CRIM. PROC. art.

4

13.17 (former)[2]; *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel. Op.] 1981). Further, venue may be proven by direct or circumstantial evidence, and the factfinder may make reasonable inferences from the evidence. *Cox v. State*, 497 S.W.3d 42, 56 (Tex. App.—Fort Worth 2016, pet. ref'd).

Appellant did not contest or object in the trial court to Tarrant County being the proper venue. We therefore presume that venue was proven in the trial court unless the record affirmatively shows otherwise. *See* TEX. R. APP. P. 44.2(c)(1).

The venue statute for sexual assault at the time of the offense states that venue lies in the county in which the sexual assault was committed, the county in which the sexual-assault victim was abducted, or in any county "through or into which" the victim was transported during the abduction or assault. TEX. CODE CRIM. PROC. art. 13.15. (former).[3]

---

[2]     *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(C), 1973 Tex. Gen. Laws 885, 978, *repealed by* Act of May 19, 2023, 88th Leg., R.S., ch. 765, § 3.001(5) (current version at TEX. CODE CRIM. PROC. art. 13A.002(b)) ("An allegation of venue under this article may be sustained if the attorney representing the [S]tate proves by a preponderance of the evidence that, based on the facts in the case, the county in which the prosecution is conducted has venue.").

[3]     Act of May 23, 1973, 63rd Leg., R.S., ch. 399, §2(C), 1973 Tex. Gen. Laws 15, 978, *amended by* Act of May 12, 1977, 65th Leg., R.S., ch. 262, § 1, 1977 Tex. Gen. Laws 1, 692, *amended by* Act of June 1, 1981, 67th Leg., R.S., ch. 707, § 4(17), 1981 Tex. Gen. Laws 2167, 2636, *amended by* Act of May 29, 1983, 68th Leg., R.S., ch.977, § 7, 1983 Tex. Gen Laws 5311, 5318, *repealed by* Act of May 19, 2023, 88th Leg., R.S., § 3.001(6), 2023 Tex. Sess. Law Serv. 1825, 1976.

The record reflects that D.L. lived off Brown Boulevard in Arlington, Texas. She testified that the sexual assaults occurred in the appellant's apartment, which was brown in color and located off Brown Boulevard. D.L. identified the appellant in a lineup as "Charles." A detective testified that he ascertained the appellant's full name by searching a database with the phone number the appellant gave D.L. The detective obtained a photograph of the appellant, and D.L. identified the appellant in a photo lineup. The detective testified that an address associated with the appellant was an apartment, which was brown in color, on Misty Glen Trail in Arlington, Texas. Using a map, the detective testified that one of the ways to access the apartment was from Brown Boulevard. The record establishes that the assaults occurred in Arlington, Texas.[4]

To the extent that the appellant argues that the record does not contain testimony that Arlington is in Tarrant County, we may take judicial notice of an adjudicative fact that is not subject to reasonable dispute if it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. TEX. R. EVID. 201(b)(2); *see Barton v. State*, 948 S.W.2d 364, 365 (Tex. App.—Fort Worth 1997, no pet.) (per curiam) (appellate courts may take judicial notice of

---

[4] The detective took D.L. in his car to attempt to locate the apartment. He testified that during the car ride, D.L. changed her mind about turning one way or another. Eventually, D.L. led him to a dead-end street next to the apartment. D.L. then instructed him to turn left, and the apartment was immediately to the right. The detective testified that if D.L. had known left and right and told him to go right, he potentially would have found the exact offense location with D.L.

6

geographical facts because they are "easily ascertainable and capable of verifiable certainty"). We may do so sua sponte or if a party requests it; we may also do so for the first time on appeal. TEX. R. EVID. 201(c); *Granados v. State*, 843 S.W.2d 736, 738 (Tex. App.—Corpus Christi-Edinburg 1992, no pet.). In this regard, we take judicial notice that the City of Arlington, Texas is in Tarrant County, Texas.

Appellant has also failed to show that the record affirmatively negates the State's proof of venue or establishes that proper venue for the prosecution exists in a county other than Tarrant County. We thus presume that the State sufficiently proved that Tarrant County is the county of proper venue for this prosecution. *See* TEX. R. APP. P. 44.2(c)(1).

Accordingly, we overrule Appellant's only issue on appeal.

## Conclusion

We affirm the trial court court's judgment.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).